Filed 10/7/13  P. v. Spears CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065474 |
| v. | (Super. Ct. No. 1419186) |
| LEROY WILLIAM SPEARS, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Scott T. Steffen, Judge.

Eleanor M. Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Wiseman, Acting P.J., Detjen, J., and Peña, J.

A jury convicted appellant, Leroy William Spears, of petty theft with a prior (Pen. Code, § 666).[1]  In a separate proceeding Spears admitted four prior prison term enhancements (§ 667.5, subd. (b)) and allegations that he had a prior conviction within the meaning of the three strikes law (§ 667, subds. (b)-(i)).  On May 29, 2012, the court sentenced Spears to a term of six years eight months.

Following the independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On May 21, 2010, Modesto police officers arrested Spears as he rode a bicycle with a stolen generator loaded on the trailer he was towing.

On May 23, 2011, the district attorney filed an information charging Spears with grand theft (§ 487, subd. (a)), receiving stolen property (§ 496, subd. (a)), and petty theft with a prior.  The information also charged Spears with four prior prison term enhancements and having a prior conviction within the meaning of the three strikes law.

On April 25, 2012, prior to the start of a jury trial in this matter, the district attorney filed a first amended information that eliminated the grand theft count.  The prosecution then presented evidence that as a result of several burglaries in downtown Modesto, the Modesto Police Department conducted a sting operation.  As part of the operation on May 18, 2010, a trailer with a GPS device was placed in a fenced, vacant lot in downtown Modesto.  The trailer contained a large generator with a GPS device, a cement saw, and an air compressor.

On Friday May 21, 2010, at approximately 9:45 p.m. Modesto Police Officer Michael Locke received an alert which indicated that the generator had been moved. Officer Locke then notified two other officers that the "bait" was being moved and he

---

[1]    All further statutory references are to the Penal Code.

responded to the area. By the time he arrived there Spears had already been detained on a bike pulling a trailer with the decoy generator wrapped in black plastic bags and loaded on the trailer. Spears told Officer Locke he was out looking for cans to recycle when he found the generator in a dumpster in an alley. He removed the generator from the dumpster, put it on his trailer, and that was when he was stopped by the officers.

Officer Locke further testified that: Spears was dressed all in black; the pattern on the soles of Spears's shoes matched the pattern of shoe prints found around the trailer in the lot from which the generator was taken; and the width of fresh tire tracks found in the alley bordering that lot was consistent with the width of the tires on Spears's trailer.

Vicky Kraft testified for the defense that on May 21, 2010, at 8:47 p.m., she went to Spears's house to inquire about a display case that was for sale. While she spoke with Spears, a man came up riding a bicycle with a trailer attached and began speaking with Spears. After Spears was unable to find his shoes, the man sat down, took off his shoes, and gave them to Spears. At the man's suggestion, Spears took the man's bicycle and trailer and left after telling Kraft he would be right back. The other man left walking, saying something about going to get some shoes.

Jesse Villarreal testified he was the person who actually took the decoy generator from the lot. As he left the area with the generator in his bicycle trailer, he saw a patrol car and became paranoid. Villarreal then hid the generator in a dumpster and telephoned Spears. Villarreal told Spears there was a generator in a dumpster that might be fixable and that if Spears helped Villarreal fix it, they could sell it and split the proceeds. Spears was supposed to meet Villarreal halfway, but Villarreal wound up riding his bicycle with the trailer in tow all the way to Spears's house. When he got there Spears could not find one of his boots so Villarreal took off his shoes and gave them to Spears. Spears was about to get his own bicycle and trailer, but Villarreal told him to take his. Spears then rode off. Meanwhile, Villarreal walked to his house, which was three houses away, got

3

some shoes and a spare bicycle, and rode to the dumpster where he left the generator. However, when he got there he saw that Spears was getting arrested.

On April 26, 2012, after the jury found Spears guilty on the petty theft with a prior count, the court continued the trial on the enhancement and prior conviction allegations.

On May 29, 2012, Spears admitted the enhancement and prior conviction allegations in exchange for a stipulated term of six years eight months and the dismissal of an unrelated case. The court then sentenced Spears to the stipulated term which consisted of the mitigated term of 16 months, doubled to two years eight months because of Spears's prior strike conviction, and four one-year prior prison term enhancements.

Spears's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Spears has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.